■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PAGAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 24, 1977, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant contends that the trial court erred when it (1) admitted a Spanish language tape recording of an alleged drug sale, and (2) allowed the jury to use a transcript prepared by the undercover officer who participated in the recorded conversations. We agree. At the audibility hearing, the Trial Judge incorrectly instructed the court interpreter to determine if there was conversation on the tape. Rather, the interpreter should have been asked whether he was able to comprehend the meaning of the words. Also, the court interpreter should not have used the undercover officer's transcript while evaluating the tape, since he must independently verify the audibility of the tape (see *People v Mincey,* 64 AD2d 615). Moreover, this transcript should not have been given to the jury as an aid to listening to the tape, since the danger is that "the participant's memory of the events, rather than the actual sounds on the tape, becomes the source of the words on the transcript" (see *People v Mincey, supra,* p 615). The danger is magnified when a foreign language tape is involved, since the jury may not be able to translate the words for themselves (cf. *United States v Onori,* 535 F2d 938). Accordingly, a new trial is warranted, as the tape "might well have constituted the most damaging piece of evidence presented by the prosecution" (see *People v Sacchitella,* 31 AD2d 180, 182). We also note that the prosecutrix improperly cross-examined the defendant as to whether the undercover officer was lying (see *People v Yant,* 75 AD2d 653; *People v Perez,* 69 AD2d 891). Damiani, J.P., Gibbons, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAX RIVERO, Appellant. — Judgment of the Supreme Court, Queens County, rendered May 20, 1980, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J.P., Lazer, Gibbons and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RALEIGH SAWYER, Appellant. — Judgment of the Supreme Court, Suffolk County, rendered November 15, 1979, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Rabin, J.P., Gulotta, Weinstein and Thompson, JJ., concur.