■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE HECK-STALL, Appellant. — Appeals by defendant from (1) a judgment of the Supreme Court, Kings County (Owens, J.), rendered December 17, 1979, convicting him of two counts of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court (Marano, J.), imposed September 11, 1981, pursuant to section 60.09 of the Penal Law. Judgment reversed, on the law, and new trial ordered. The resentence is vacated and the appeal therefrom is dismissed as academic. No issue was presented with respect to the facts. At an audibility hearing prior to trial, the court ruled that it "would exclude" from evidence two tape recordings of the alleged drug sale because they were too inaudible. The court characterized the tapes as a "temple of babble" and as "unintelligible". In light of the court's finding of inaudibility, which is not questioned by the People on appeal, the tapes should not have been referred to at the trial (cf. *People v Pagan,* 80 AD2d 924; *People v Bernstein,* 69 AD2d 907; *People v Sacchitella,* 31 AD2d 180). The prosecutrix' attempts at trial to ask questions with respect to the transcripts of the tape recordings, her persistent efforts to have the tapes themselves admitted into evidence, and her suggestion as to one of the tapes that it was "a far [*sic*] and accurate representation of the conversation" between the undercover narcotics officer and the defendant mandate reversal. Whether intentional or not, the prosecutrix' conduct borders on the "gross impropriety" disapproved of by the Court of Appeals in *People v Rosenfeld* (11 NY2d 290, 297). Titone, J. P., Lazer, Gibbons and Thompson, JJ., concur.