■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME BROWN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Corso, J.), rendered February 1, 1982, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered.

At defendant's trial on the charge of burglary in the third degree, the prosecution was permitted to introduce into evidence a tape recording made by the complaining witness of a conversation between herself and the defendant more than two months after the incident in question. Portions of the tape recording were played for the jurors, who were aided in their listening by a transcript prepared by the complainant. After reviewing the tape, we are of the opinion that it should not have been admitted, and, therefore, we reverse.

First, a portion of the tape is substantially inaudible, and should have been excluded for that reason alone (see *People v Mincey,* 64 AD2d 615). In these circumstances, providing a transcript, which is normally permissible (see *People v Feld,* 305 NY2d 322), served to compound the error (cf. *People v Colon,* 87 AD2d 826; *People v Pagan,* 80 AD2d 924). More importantly, however, the statements of defendant on the tape were not sufficiently connected to the incident in question to be probative of defendant's guilt. In addition, a portion of the tape which had been excluded by the court was inadvertently played for the jury. Although substantially inaudible, this portion of the tape contained certain statements which, if understood by the jury, would have been highly prejudicial to defendant. In sum, the probative value of the tape was far outweighed by the potential for prejudice, and Criminal Term should therefore have exercised its discretion to exclude the tape from evidence. Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.