■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN PEREZ, Also Known as NICK PEREZ, Appellant.—Judgment, Supreme Court, New York County (Dennis Edwards, Jr., J.), rendered March 5, 1981, which convicted defendant, upon a jury verdict, of two counts of criminal sale of a controlled substance in the first degree and five related offenses, and sentenced him to concurrent terms of imprisonment, the maximum being 20 years to life, unanimously affirmed.

After a jury trial, the defendant, Efrain Perez, was found guilty of selling cocaine in two transactions. On this appeal he maintains that the trial court committed reversible error in

permitting a police officer to testify with respect to defendant's prior guilty plea in the case. Defense counsel did not interpose an objection to the admission of testimony concerning the defendant's withdrawn guilty plea, thereby failing to preserve the issue for appellate review.

Were we to review the claimed error in the interest of justice, we would find that the testimony was properly admitted. The trial court permitted it in response to testimony elicited by the defendant on cross-examination of the police officer. Defense counsel asked the police officer whether the codefendant, Ramon Zurita, had pleaded guilty to charges set forth in the indictment. Upon objection by the prosecutor, the court warned the defense attorney that the door would be opened as to the other circumstances if the question were allowed. Defense counsel nonetheless persisted and the question was asked and answered. The apparent strategem was to suggest to the jury that since Zurita had admitted guilt, and defendant had not, defendant must be innocent. Once defendant opened the door, the People were entitled to rebut the suggestion. Significantly, the mention of the plea was a brief "I believe so, yes" in response to the question as to whether the defendant had also so pleaded, and the prosecutor's reference to the testimony on summation was not misleading. (Compare, People v Spitaleri, 9 NY2d 168, 172 [1961]; People v Heffron, 59 AD2d 263 [4th Dept 1977].)

People v Moore (66 NY2d 1028) does not mandate a different result. There the trial court erroneously permitted the use of statements by the defendant which were part of the actual plea colloquy. At issue here is testimony that the defendant had withdrawn a plea of guilty, not statements which were the basis for that plea.

In any event, in our view the evidence concerning defendant's prior guilty plea was not sufficiently prejudicial to constitute reversible error. It was harmless error in view of the overwhelming and conclusive evidence of guilt. (See, People v Crimmins, 36 NY2d 230 [1975].) The defendant's testimony that he simply acted as the agent for the buyers in the two drug transactions at issue in the hope of receiving substantial furniture business was implausible. Contrary to the defendant's testimony that he never dealt in drugs, the People established his prior 1980 conviction for criminal sale of a controlled substance. The testimony of the two officers who made the purchase conclusively established that defendant was a high-level drug dealer since he accepted payment in the first transaction, negotiated the sale price in the second trans-

action, suggested a meeting with codefendant Zurita, and avowed that he and Zurita dealt two and three kilos a week, although his "man" preferred to do transactions one pound at a time. *(See, People v Lam Lek Chong,* 45 NY2d 64 [1978].) Scrutiny of the record reveals no reasonable view of the evidence upon which the jury could have acquitted defendant. We have examined the defendant's other contentions and find that they lack merit. Concur—Sandler, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.