■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER MORGAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered December 10, 1986, convicting him of arson in the third degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant stands convicted of arson in the third degree and reckless endangerment in the first degree. During the trial the prosecution presented testimony of an informant as well as audio and videotapes of certain meetings which took place between the informant and the defendant. Both men had allegedly participated in an arson-for-hire scheme and had, together, set a fire at 628 Rockaway Boulevard, Kings County. As part of the investigation, the informant met with the defendant while wearing a transmitting device. At the same time, law enforcement officials videotaped their meeting. The defendant, during this meeting, allegedly acknowledged his role in the arson scheme. The videotape was ultimately admitted into evidence and played for the jury. In addition thereto, an "enhanced" version of the audio portion of the videotape, which was doctored to remove background noise, was played for the jury, at their request, during the deliberation. Although it was received in evidence, this tape had not been played for the jury during the the trial prior to the time that both sides rested their cases.

The defendant contends on appeal that the tapes which were played for the jury were inaudible and their introduction into evidence constituted reversible error. We agree. Initially, we note that we have viewed the videotape as well as listened to the enhanced version of the audio portion of the tape and find that they are indeed inaudible. It is well settled that a recording must be excluded from evidence if it is so inaudible and indistinct that a jury must speculate as to its contents *(People v Mincey,* 64 AD2d 615). Accordingly, it was error for the trial court to have admitted into evidence the videotape which was inaudible. Further error was committed when the trial court permitted the enhanced audio version of the tape to be played to the jury during the deliberation stage, despite

the fact that the tape had not been played during the People's case on direct *(People v Beasley,* 98 AD2d 946, *affd* 62 NY2d 767). The foregoing errors were amplified when a police officer was permitted to testify that he overheard the defendant acknowledge taking part in the arson and also exclaim, "I can use that money" when offered the opportunity to participate in another arson. Because this police officer testified as to contents of the recordings which were otherwise inaudible, and, in essence, supplied the "missing incriminatory flavor" *(see, People v Carrasco,* 125 AD2d 695, 697), reversal of the judgment of conviction is required and the matter must be remitted for a new trial, where tape-recorded evidence of the defendant's meeting with the informant must be excluded *(see, People v Brown,* 104 AD2d 1044).

The defendant additionally claims that the trial court improperly admitted into evidence certain statements allegedly made by him. Specifically, an undercover detective testified that during a conversation between the informant, the detective, and the defendant, the defendant asked whether he could participate in "other jobs" because he needed the money. The defendant claims that this testimony is tantamount to evidence of uncharged crimes. We disagree. Case law limits testimony regarding uncharged crimes, with certain limited exceptions *(see, People v Molineux,* 168 NY 264). However, these limits are imposed on testimony about crimes which have actually occurred. The defendant's alleged statements do not concern or acknowledge any actual event. The reference to "other jobs" alludes more to the defendant's character than any actual criminal activity committed by him. As such, the detective's testimony was properly admitted into evidence. Mollen, P. J., Brown, Eiber and Kooper, JJ., concur.