■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISABELLE MARTINEZ, Appellant.—Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered March 22, 1989, convicting defendant of robbery in the second degree and sentencing her to an indeterminate term of imprisonment of from 2 to 6 years, unanimously reversed, on the law, and the matter remanded for a new trial.

This case involved the postmidnight June 14, 1987 robbery of Evelyn Cabrera, who was returning home after working overtime at her travel agency job. Defendant was an active participant with her knife-wielding codefendant, Ferdinand Ocasio, whom the victim recognized from the neighborhood. Five days later, Cabrera saw defendant in the vicinity of the robbery and notified the police, who, although not successful in arresting defendant at that time, did locate Ocasio and arrest him. Shortly thereafter, Cabrera, while waiting at the 41st Precinct, heard a familiar voice at the sergeant's desk and recognized defendant as the other person who had robbed her. Defendant was immediately arrested and, berating Ocasio, who was nearby in a back room, made damaging admissions. While we believe that the case against defendant was strong, we find that Cabrera's response to a question on cross-examination deprived defendant of a fair trial. In response to repeated questioning about the color of defendant's pants at the time of arrest, Cabrera, becoming increasingly argumenta-

tive, blurted out: "If they are not red, I don't care, but I know that's the girl that mugged me, okay. It don't make me a difference what color her pants were. We are not arguing an issue here if her pants were red. We are arguing an issue here that she's guilty. Why does she try to plead guilty before, but she wanted probation? When Ferdinand Ocasio pleaded guilty, why didn't she? Because she wanted probation."

The prosecutor immediately objected and, pursuant to her request, the court struck the response. Defendant's motion for a mistrial was denied and the court, acting on the People's request for a curative instruction, charged the jury as follows: "Members of the jury, I have stricken that answer from the record. It was not responsive and it has nothing to do with the facts that are issue [sic] at this trial. You will disregard that response totally." It was later learned in a hearing outside the jury's presence that an Assistant District Attorney had told Cabrera that defendant would plead guilty if she received a sentence of probation and that the Trial Assistant had told Cabrera that Ocasio had pleaded guilty and not to mention that fact in her testimony.

We believe that a reversal is warranted on the basis of Cabrera's outburst informing the jury of defendant's desire to plead guilty. It is well established that once a guilty plea has been withdrawn, it may not be used by the jury as proof of guilt *(People v Spitaleri,* 9 NY2d 168); a withdrawn plea "is out of the case forever and for all purposes." *(Supra,* at 173.) Absent circumstances which "open the door", any reference to a withdrawn plea at the trial of the same charges is absolutely prohibited. *(People v Perez,* 118 AD2d 431, *lv denied* 67 NY2d 1055.) We find that, in the circumstances presented, the disclosure to the jury of defendant's attempt to plead guilty was the functional equivalent of informing the jury that defendant had pleaded guilty to the charges but the plea had been withdrawn. We also note that it was prejudicial to defendant to inform the jury that the codefendant had pleaded guilty. *(See, People v Colascione,* 22 NY2d 65, 73.) Nor do we believe, in the circumstances presented, that the court's curative instruction to ignore Cabrera's improper testimony undid the prejudice. Since it is widely assumed that only the guilty would consider entering a guilty plea, the knowledge that defendant wanted to plead guilty would make it difficult for the jury to accept the presumption of innocence and to evaluate the evidence fairly.

Accordingly, we reverse and remand for a new trial. Concur —Sullivan, J. P., Carro, Rosenberger and Asch, JJ.