■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO SERRANO, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered March 24, 1988, upon a verdict convicting defendant of three counts of the crime of criminal sale of a controlled substance in the third degree.

On April 1, 1987, defendant was indicted by a Grand Jury with three counts of criminal sale of a controlled substance in the third degree in violation of Penal Law § 220.39 (1). Specifically, the indictment charged defendant with selling heroin to a confidential police informant, Justo Miranda, on three separate occasions in March 1987 in the Village of Liberty, Sullivan County. Following a jury trial, at which defendant testified on his own behalf, defendant was found guilty of all three counts in the indictment and was sentenced as a second felony offender to three concurrent prison terms of 9 to 18 years. This appeal followed.

Initially, we reject defendant's argument that County Court committed reversible error in allowing certain audiotaped conversations of the alleged drug sales by defendant to be admitted into evidence. According to defendant, the taped conversations of the three transactions were so inaudible and indistinct that the jury would have had to impermissibly speculate as to their contents (see, People v Mincey, 64 AD2d 615; see also, People v Morgan, 145 AD2d 442; People v Carrasco, 125 AD2d 695, 696). Defendant concedes in his brief, however, that defense counsel did not request an audibility hearing or object to the tapes being played to the jury. He also allowed them to be admitted into evidence. Although this would normally mean that the issue was not preserved for appellate review (see, CPL 470.05 [2]), defendant urges this court to reverse on this issue in the interest of justice (see, CPL 470.15 [6] [a]). We decline to do so, however. If the tapes were improperly admitted into evidence, any error was rendered harmless (see, People v Crimmins, 36 NY2d 230, 242) by Miranda's unequivocal independent recollection and recitation at trial of the facts concerning the drug deals.

Next, we find no merit to defendant's claim of ineffective assistance of counsel inasmuch as our review of the record reveals that "defense counsel provided meaningful legal representation in the totality of the circumstances" (People v Gemmill, 146 AD2d 951, 953). While a hindsight analysis might show certain tactical or strategic errors by defense counsel, in our view any such errors did not render defense counsel's

representation ineffective (see, People v Civitello, 152 AD2d 812, 814, lv denied 74 NY2d 947).

Defendant's remaining objections to the prosecutor's cross-examination of defendant at trial have been examined and have been found to be either waived through lack of objection at trial (see, CPL 470.05 [2]) or otherwise lacking in merit.

Judgment affirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.