■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. DIEPPA, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered July 31, 1989, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted on two counts of criminal sale of a controlled substance in the third degree. After a jury trial, defendant was convicted of one count stemming from a sale to a police informant which occurred on January 18, 1988. At trial it was established that, in exchange for consideration on a pending burglary charge, the informant had agreed to cooperate with the State Police and make cocaine purchases from suspected drug dealers. Prior to the purchase made on January 18, 1988, State Police Investigator Bruce Nichols searched the informant, fitted him with a microphone and transmitter, and gave him $250. Nichols then drove the informant to a location near 324 Broadway in the Village of Saranac Lake, Franklin County, and waited while the informant went to the house at that address. Nichols, who was in an unmarked car, saw the informant meet defendant at the end of the driveway at 324 Broadway, after which the informant and defendant went into the house. The informant testified that he gave defendant $250 for a plastic bag containing "coke" which he then gave to Nichols when he returned to the car.

On appeal defendant charges that, among other things, the prosecutor failed to adequately comply with disclosure requirements, improper references were made during trial to the tape recording of the informant's meeting with defendant which County Court ultimately ruled to be inaudible, the prosecutor's summation was improper and defendant was denied effective assistance of counsel.

First, contrary to defendant's urging, we note that because the informant consented to the body wire, an eavesdropping warrant was unnecessary *(see,* CPL 700.05 [3] [b]; Penal Law § 250.00 [2]). Next, we find no evidence that the prosecutor made other than a diligent good-faith effort to comply with defendant's pretrial discovery demands *(see,* CPL 240.80 [1]). Particularly noteworthy is the fact that the prosecutor made

the tape of the January 18, 1988 transaction available to defendant for examination at his convenience. Furthermore, having failed to object, defendant waived the argument that Nichols' identification of defendant was improper as a result of the prosecutor's failure to serve a CPL 710.30 notice upon defendant *(see, People v Clayborn,* 50 AD2d 952, 953).

Nor are we persuaded that defendant was prejudiced at trial by references to the wiring of the informant or the monitoring of the January 18, 1988 transaction. County Court quite properly excluded the tape recording of the transaction *(see, People v Brown,* 104 AD2d 1044) and no transcript of it was introduced into evidence *(cf., supra).* Although Nichols referred to the wiring and monitoring in his testimony, he made no remarks regarding the contents of the tape recording *(cf., People v Morgan,* 145 AD2d 442, 443). Similarly, in his summation, the prosecutor mentioned the wiring and monitoring but did not refer to the tape recording as corroborating the informant's testimony of what occurred inside the house at 324 Broadway *(cf., People v Rosenfeld,* 11 NY2d 290, 296). While the prosecutor's suggestion that "[t]he People's case * * * [is] also corroborated and verified by * * * Nichols" may have been better left unsaid, it was hardly so improper as to warrant concluding that defendant was denied a fair trial *(cf., People v Schaaff,* 71 AD2d 630).

Finally, despite defense counsel's failure to move to suppress the tapes prior to trial and to object to either Nichols' identification testimony, the People's summation or County Court's charge, we are nevertheless persuaded that defendant was afforded meaningful legal representation *(see, People v Baldi,* 54 NY2d 137, 147). The record as a whole discloses that defense counsel took the time to review and prepare both the law and the facts relevant to the defense and was obviously familiar with, and did employ at trial, basic principles of criminal law and procedure *(see, People v Droz,* 39 NY2d 457, 462). This is attested to by the fact that defendant was found not guilty of the first count.

We have reviewed defendant's other arguments, including the assertion that the prison sentence imposed of 6 to 18 years is harsh and excessive, and find them unconvincing.

Weiss, J. P., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.