■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE WILSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered October 3, 1989, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The defendant was arrested pursuant to a "buy and bust" operation conducted on February 22, 1989, and February 23, 1989, in Spring Valley, New York, for selling crack cocaine to an undercover officer. On both occasions the undercover police officer was wearing a device to record the transactions.

Prior to trial, the court conducted an audibility hearing to determine whether or not the tapes of the drug transactions were admissible. The court listened to the tapes, using tran-

scripts prepared by the undercover officer and the Assistant District Attorney, and held that the tapes were "substantially audible", and thus, could be admitted at trial. When the tapes were admitted, the jury was permitted to use a set of transcripts prepared after the audibility hearing by the undercover officer and the Assistant District Attorney. The defendant objected to the admission of the tapes and the jury's use of the transcripts.

On appeal, the defendant argues that he was deprived of his right to a fair trial when the court admitted inaudible tapes and permitted the jury to use transcripts of the tapes which were prepared by the undercover officer. We agree.

A review of the tapes indicates that they are almost entirely inaudible. Although a portion of a tape is audible, this portion does not relate to the drug transaction. Therefore, we conclude that the trial court erred when it found that the tapes were admissible *(see, People v Brown,* 104 AD2d 1044). The court's error in admitting the tapes was compounded by permitting the jury to use transcripts while it reviewed the tapes *(see, People v Mincey,* 64 AD2d 615; *People v Brown, supra; People v Colon,* 87 AD2d 826; *People v Pagan,* 80 AD2d 924). Under the circumstances, where the tapes themselves were inaudible, it was error for the court to allow the jury to use the transcripts prepared by a party to the conversation *(see, People v Mincey, supra; People v Colon, supra; People v Pagan, supra).* Such a procedure creates the danger that the "participant's memory of the events, rather than the actual sounds on the tape, become the source of the words on the transcript" *(People v Mincey, supra,* at 615). The danger is especially evident in this case where the undercover officer found it necessary to prepare three different transcripts of the tapes. We conclude that the prejudice to the defendant warrants reversal of his conviction and a new trial.

Further we find, and indeed the People concede, that the court erred when it ordered the defendant to make restitution to the Rockland County Narcotics Task Force for the money that the agency expended in the sales *(see, People v Rowe,* 75 NY2d 948).

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Santucci, JJ., concur.