■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE STEVENS, Appellant. [634 NYS2d 303] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]; § 20.00) and conspiracy in the second degree (Penal Law § 105.15).

The contention that the evidence is legally insufficient to prove defendant's knowledge of the weight of the controlled substance has not been preserved by a motion to dismiss " 'specifically directed' " at the alleged defect in the proof *(see, People v Gray,* 86 NY2d 10, 19, quoting *People v Cona,* 49 NY2d 26, 33, n 2; *see also, People v Cedeno,* 219 AD2d 828), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

The contention that defendant was denied effective assistance of counsel is without merit *(see, People v Hobot,* 84 NY2d 1021, 1022; *People v Flores,* 84 NY2d 184). Equally lacking in merit is the contention that County Court erred in admitting into evidence certain audio tapes of conversations between the codefendant and a third person *(see, People v Lubow,* 29 NY2d 58; *People v Maderic,* 142 AD2d 892). Defendant was not denied his right to be present at a material stage of the proceedings because he was not present at the audibility hearing regarding those tapes *(cf., People v Dokes,* 79 NY2d 656, 659-660). Because defendant neither took part in nor witnessed the conversations that were taped, he had no "peculiar knowledge that would be useful in advancing defendant's or countering the People's position" *(People v Dokes, supra,* at 660). Moreover, the record does not show that defendant either requested an audibility hearing or objected to the admission of the tapes into evidence *(see, People v Serrano,* 170 AD2d 714, *lv denied* 77 NY2d 967).

Defendant was not denied his constitutional *(see, People v Taranovich,* 37 NY2d 442, 445) or statutory *(see, People v Kendzia,* 64 NY2d 331, 337) right to a speedy trial.

Finally, we decline to vacate the verdict in the interest of justice as requested by defendant. (Appeal from Judgment of

Erie County Court, Rogowski, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.