■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC FULTON, Appellant. [636 NYS2d 924] —Peters, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered April 4, 1994, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts).

During the evening of May 13, 1993, State Police Investigator Theresa Temple and Trooper Mary DeSantis, experienced members of the Community Narcotics Enforcement Team, were performing undercover street narcotic purchases in the City of Hudson, Columbia County, in cooperation with the Hudson Police Department. They were approached by an African-American male wearing a striped shirt and dark pants, riding a 10-speed bicycle. After the individual indicated a general willingness to supply the officers with cocaine, he directed his purchasers to a nearby parking lot where the sales were made. After the sales were executed, the officers radioed the seller's description to the Hudson Police and received a tentative identification of the suspect as Larry Walker.

Shortly thereafter, Hudson Police Officer Ellis Richardson,

who was assigned to the special detail to identify sellers after the drug buys were concluded, went to the vicinity of the sale where he observed defendant on a 10-speed bicycle. Richardson had known defendant for the last eight years. Since defendant fully met the suspect's description, Richardson's identification of defendant replaced the tentative identification given previously by the Hudson Police after the radioed description. The next morning, both State Police officers, in separate photo arrays, identified defendant. He was thereafter indicted and convicted on charges relating to the transaction.

Upon appeal, defendant contends that County Court erred, as a matter of law, in denying him a *Wade* hearing *(see, United States v Wade,* 388 US 218). County Court found that defendant's papers in support of his motion for suppression failed to suggest that the police identification procedures could be characterized as anything other than confirmatory. It was not disputed that the identification of defendant was made by trained and experienced undercover police officers who closely observed defendant during a face-to-face narcotics buy made for the focused purpose of identifying and arresting the illicit drug pusher *(see, People v Wharton,* 74 NY2d 921). However, the identification was not made contemporaneously with defendant's arrest.

Under these circumstances, the viewings of the photographs were not confirmatory in nature. Thus, a *Wade* hearing was warranted *(see, People v Munroe,* 185 AD2d 530).* We, accordingly, reverse defendant's conviction and direct that a new trial be held, preceded by a *Wade* hearing. In light of our determination, we need not address defendant's remaining contentions.

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision.

---

* To the extent that our decision in *People v Freeman* (176 AD2d 1090) may be deemed inconsistent herewith, it is expressly overruled.