■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MOREL, Appellant. [667 NYS2d 699] Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered September 28, 1995, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the first degree, and sentencing him to concurrent terms of 15 years to life, unanimously affirmed.

Despite the requirement of preservation (*see, People v Agramonte*, 87 NY2d 765, 770), defendant did not preserve his current claims of error regarding admission of English language transcripts of Spanish language audiotapes (*People v Espinal*, 183 AD2d 407, *lv denied* 80 NY2d 830), and regarding the court's instructions to the jury thereon (*see, People v Graham*, 228 AD2d 299, *lv denied* 88 NY2d 985), and we decline to review them in the interest of justice. Were we to review them, we would find them to be without merit. The transcriptions were properly admitted upon the testimony of the undercover officer, who was a party to the conversations in

question, that he had listened to the audiotapes, assisted in their transcription into English, and determined that the English language transcriptions were a fair and accurate version of the Spanish language audiotapes (*People v Rodriguez*, 205 AD2d 328). Further, when read as a whole, the court's instructions regarding consideration of the audiotapes and transcripts, given when the audiotapes were played for the jury at defendant's request, provided proper guidance to the jury (*see, People v Canty*, 60 NY2d 830).

The court properly denied defendant's motion for a mistrial after defense counsel elicited from the undercover officer a responsive answer that made reference to plea negotiations in connection with this case. Further, since the court promptly struck the witness's response and instructed the jury that it was "not part of the evidence", and since the evidence of defendant's guilt was overwhelming, defendant suffered no undue prejudice from the reference (*see, People v Perez*, 118 AD2d 431; *compare, People v Martinez*, 164 AD2d 826, *lv denied* 76 NY2d 1022).

The record refutes defendant's claim that he was not present when a portion of the undercover officer's testimony was read back at the jury's request. Concur—Milonas, J. P., Mazzarelli, Andrias and Colabella, JJ.