■ The People of the State of New York, Respondent, v Charles M. McKenzie, Appellant. [694 NYS2d 793] —Peters, J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered May 24, 1996, upon a verdict convicting defendant of the crimes of robbery in the first degree and robbery in the second degree, and (2) from a judgment of said court, rendered May 24, 1996, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

On September 21, 1995, James Curtis drove to an area known for prostitution and negotiated a sexual liaison with Karen Johnson for an exchange of money. He followed her directions to a nearby apartment building where she accompanied him to a second-floor apartment. She led him to a bedroom, asked for and received money, and then left for a few minutes. Shortly after her return, defendant burst into the room with a handgun. He demanded Curtis' money and threatened to shoot him if he turned around. Curtis complied and was forced out of the building.

Curtis immediately reported the incident. After identifying the location of the robbery, police authorities surrounded the apartment building. Two officers knocked on the door at the bottom of the apartment stairs to see if they could locate either of the individuals involved. Defendant eventually answered the door and the police officers explained that they were investigating a robbery that had just occurred in the building. After speaking with defendant for several minutes outside of the apartment, one of them requested his permission to check the apartment. Although defendant indicated that he lived there with Johnson and that she was not at home, he granted them permission to enter.

Two police officers went upstairs while defendant waited downstairs. No one was found inside of the apartment. Defendant and the police officers then continued the interview. Upon their request, defendant readily consented to a more thorough

search for guns, clothing or other evidence of the robbery and executed a written waiver to that effect. During that search, the police not only located clothing that matched the description of clothing worn by Johnson at the time of the robbery but also encountered Johnson, who suddenly sprang out of a clothes dresser in which she had been hiding. Both Johnson and defendant were briefly interviewed and then taken to the police station for further questioning. Both gave written statements to the police.

Indicted and charged with one count of robbery in the first degree and one count of robbery in the second degree, defendant entered a plea of not guilty. Approximately eight weeks later, he was arraigned on a separate indictment charging him with one count of criminal sale of a controlled substance in the third degree. Again, he entered a plea of not guilty. Defendant moved to suppress his oral and written statements as well as items found during the search of his residence, contending that his consent was fraudulently obtained. Defendant having failed to present any supporting testimony at the suppression hearing, County Court denied the motion.

After a jury trial, defendant was found guilty of the robbery counts and, pursuant to a negotiated disposition, entered a plea of guilty to the remaining count of criminal sale of a controlled substance in the third degree. He was sentenced to a concurrent term of imprisonment of 6 to 12 years on all three convictions, prompting this appeal.

Challenging first the denial of his motion to suppress, our review of the hearing testimony reveals no error. While it is axiomatic that governmental intrusion into the privacy of one's home is prohibited in the absence of a valid search warrant, an exception is recognized if it is based upon a voluntary consent to search (see, People v Gonzalez, 39 NY2d 122, 127). Mindful that the People bear a heavy burden to prove that such consent was voluntary, we find that the People adequately met such burden. At the time of the oral and written consent, defendant was neither in custody nor under arrest and, at all relevant times, was fully cooperative and adequately advised of his right to refuse the consent. Significantly, Curtis had viewed defendant during the police investigation and had not identified him as the robber. Therefore, during the time that such requests for consent to search were proffered, defendant was not a suspect. According great weight to the finding of the suppression court (see, People v Pugh, 246 AD2d 679, 681, lv denied 92 NY2d 882) and noting that no conflicting testimony was presented (cf., People v Corniel, 258 AD2d 812), we find no viable

challenge to County Court's denial of the motion (*see, People v Culkin*, 233 AD2d 672).

Finally, we consider defendant's challenge to the sentence imposed which fell within the statutory limits. Since no evidence was presented indicating an abuse of County Court's discretion, and since we reject defendant's attempt to demonstrate a countervailing circumstance by alleging that his crimes were motivated by drug addiction for which he fully intends to seek treatment (*see, People v Jenkins*, 256 AD2d 735, 737, *lv denied* 93 NY2d 854), we decline to disturb the sentence imposed (*see, People v Parson*, 209 AD2d 882, 884, *lv denied* 84 NY2d 1014; *People v Longo*, 182 AD2d 1019, 1022, *lv denied* 80 NY2d 906).

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgments are affirmed.