■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. BUTLER, Appellant. [791 NYS2d 723]—

Spain, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered January 8, 2003, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts).

Defendant was charged with three counts of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the seventh degree related to two separate drug transactions occurring on January 3, 2002 and May 2, 2002. After a jury trial, defendant was acquitted of the two counts associated with the January 3, 2002 transaction, but convicted of the four counts stemming from the May 2, 2002 transaction. Defendant appeals from his conviction, and we affirm.

Trial testimony established that on January 3, 2002, a State Police investigator who was working undercover with the statewide Community Narcotics Enforcement Team purchased narcotics from an individual in an area known as Bliss Towers in the City of Hudson, Columbia County. No arrest was made at that time. Two weeks later, Hudson Police Officer Andrew Jackson—who had not been involved in the undercover purchase—assembled a police photo array to show to the investigator who made the purchase. At the request of a police sergeant who had seen defendant while working surveillance on January 3, Jackson included a photograph of defendant in the array. Jackson recognized defendant from his photo as someone he

had seen either on the streets or in other drug investigations. The investigator who made the January 3 buy subsequently identified defendant from the array as the seller.

On May 2, 2002, Jackson was assisting other investigators in an undercover narcotics investigation in Hudson when the undercover investigators were approached by a man who asked what they were looking for. The man got into their vehicle and a conversation ensued, wherein the man agreed to obtain narcotics for them. During the course of this conversation— which lasted between 15 and 20 minutes—Jackson drove by the vehicle three times and observed defendant in the car with the undercover investigators. When they drove off with defendant to complete the transaction, Jackson returned to the police station and located the photo array which he had assembled in connection with the January 3 transaction. He then showed the array to the investigators, separately, upon their return to the station, and each independently identified defendant as the seller. Over defendant's objection, Jackson identified defendant at trial as the individual he saw in the vehicle on May 2.

On appeal, defendant argues that the People were required to provide him with notice pursuant to CPL 710.30 that Jackson was going to make an in-court identification at trial. Initially, we note that because defendant was acquitted of the offenses connected to the January 3, 2002 drug transaction, defendant's arguments on appeal are only pertinent to the crimes associated with the May 2, 2002 transaction. CPL 710.30 requires notice of "testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness *who has previously identified him as such*" (CPL 710.30 [1] [emphasis added]). The purpose of CPL 710.30 is to provide the defense with an opportunity to challenge the suggestiveness of an identification procedure and its possible impact on the accuracy of a subsequent in-court identification (*see People v Peterson*, 194 AD2d 124, 128 [1993], *lv. denied* 83 NY2d 856 [1994]). Thus, eyewitness testimony of a defendant's participation in a crime where the eyewitness has not previously made any out-of-court, police-initiated identification of the defendant in connection with *that crime* does not require a CPL 710.30 notice (*see People v Gissendanner*, 48 NY2d 543, 552 [1979]; *People v Jenkins*, 176 AD2d 143, 143 [1991], *lv denied* 78 NY2d 1128 [1991]).

Here, Jackson's observations of defendant on May 2, 2002 "constituted not an 'identification procedure' with respect to the [January 3, 2002] crime but, rather, an 'observation' regard-

ing a second, wholly independent crime" (*People v Peterson, supra* at 129). Thus, although Jackson "clearly made an observation of defendant 'at the time or place of the commission of the [May 2, 2002] offense' (CPL 710.30 [1] [b]), he participated in no subsequent police-initiated identification procedure so as to bring his proffered in-court identification within the purview of CPL 710.30" (*People v Rufin*, 237 AD2d 866, 867 [1997]).

Defendant's remaining contention is that his sentence—aggregating 10 to 20 years in prison—is harsh and excessive, especially given his drug addiction. We are satisfied by the record that County Court considered all the relevant circumstances, including defendant's drug addiction as well as his prior criminal record, and we find no abuse of discretion nor any extraordinary circumstances warranting modification (*see People v Kane*, 6 AD3d 986, 987 [2004]; *People v McKenzie*, 263 AD2d 778, 780 [1999], *lv denied* 93 NY2d 1045 [1999]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.