(December 20, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWTON CARTER, Appellant. [847 NYS2d 572]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, J.), rendered April 20, 2006, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

In order to preserve for our review the issue of whether a conviction is supported by legally sufficient evidence, defendant's dismissal motion must be " 'specifically directed' " at the alleged insufficiency now raised on appeal (*People v Jean-Baptiste*, 38 AD3d 418, 420 [2007], *lv denied* 9 NY3d 877 [2007], quoting *People v Gray*, 86 NY2d 10, 19 [1995]). In this case, as defendant concedes, defense counsel's motion to dismiss was a general one, in which he asserted that "the People have failed to [make out] a prima facie case on any of the counts." As a result, defendant's claim that his conviction is not supported by legally sufficient evidence is not preserved for our review, and we decline to review it in the interest of justice. We also reject defendant's argument that his conviction was against the weight of the evidence as we are presented with no basis for disturbing the jury's determinations concerning the credibility of the building security supervisor's testimony (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Stapkowitz*, 40 AD3d 435 [2007], *lv denied* 9 NY3d 882 [2007]). Finally, we are unpersuaded by defendant's contention that his sentence is harsh and excessive, and are satisfied that the trial court considered all of the relevant circumstances, including defendant's purported drug ad-

diction and his lengthy criminal history (*see People v Butler*, 16 AD3d 915 [2005], *lv denied* 5 NY3d 786 [2005]). Concur—Lippman, P.J., Tom, Nardelli, Gonzalez and Kavanagh, JJ.