People v Russell (2018 NY Slip Op 08971)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Russell

2018 NY Slip Op 08971

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

108442

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
vAKHENATON RUSSELL, Appellant.

Calendar Date: November 16, 2018
Before: Garry, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.


David E. Woodin, Catskill, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered February 11, 2016, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree (two counts).
In April and May 2014, defendant was the target of two separate controlled buy operations, during each of which he sold cocaine to a confidential informant (hereinafter CI) in exchange for $100. Each controlled buy operation took place in the CI's bedroom, was witnessed by an undercover officer hidden in the CI's bedroom closet and was captured by video/audio recordings. Defendant was subsequently indicted on two counts of criminal sale of a controlled substance in the third degree. Following a jury trial, defendant was convicted as charged, and County Court sentenced him, as a second felony drug offender with a prior violent felony offense, to two concurrent prison terms of nine years, followed by three years of postrelease supervision. Defendant now appeals, and we affirm.
Defendant argues that County Court should have granted his motion to preclude the in-court identification testimony offered by the detective in charge of both controlled buy operations because the People failed to provide him with — as required by CPL 710.30 (1) (b) — notice of their intention to offer such testimony at trial. CPL 710.30 (1) (b) requires that, "[w]henever the [P]eople intend to offer at trial . . . testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him or her . . . as such, they must serve upon the defendant a notice of such intention." "The notice requirement applies to police-arranged identifications, and its purpose is to allow the defense an opportunity to inquire into whether misleading or suggestive procedures were used that could affect the accuracy of a later identification in court" (People v Anderson, 149 AD3d 1407, 1410 [2017] [citation omitted], lv denied 30 NY3d 947 [2017]; see People v Gissendanner, 48 NY2d 543, 552 [1979]; People v Johnson, 150 AD3d 1390, 1394-1395 [2017], lv denied 29 NY3d 1128 [2017]). "The statute's [*2]purposes are implicated only when the identifying witness has experienced two distinct pretrial viewings of a defendant in which the witness first observed the defendant at the time or place of an offense or another relevant occasion, and then participated in a separate, police-initiated, identification procedure, such as a lineup, showup or photographic array, which takes place subsequent to the observation forming the basis for the witness's trial testimony and prior to the trial" (People v Anderson, 149 AD3d at 1411 [internal quotation marks and citations omitted]; see People v Johnson, 150 AD3d at 1395; People v Peterson, 194 AD2d 124, 128 [1993], lv denied 83 NY2d 856 [1994]).
The record establishes that the detective who provided the challenged in-court identification testimony did not make an out-of-court, police-initiated identification of defendant following the controlled buys so as to trigger the notice requirements of CPL 710.30 (1) (b). At trial, the detective testified that he was able to hear both sides of the conversation each time that the CI made a controlled call to defendant to arrange the controlled buys and that, based on having previously heard defendant's voice 20 to 30 times "through the course of [his] duties," he recognized the voice on the other end of the line as belonging to defendant. The detective stated that he had spoken with defendant several weeks prior to the first controlled buy for roughly 20 to 30 minutes. Furthermore, with respect to each of the controlled buys, the detective testified that he was able to observe defendant arrive at and depart from the prearranged buy location from a surveillance distance of roughly 20 to 25 yards under well-lit conditions and through the use of binoculars. Based on his personal observations during each of the controlled buys, the detective directly identified defendant in court as the same person that he had seen coming and going from each of the controlled buys — a situation that does not implicate the notice requirement of CPL 710.30 (1) (b) (see People v Anderson, 149 AD3d at 1411; People v Butler, 16 AD3d 915, 916-917 [2005], lv denied 5 NY3d 786 [2005]; People v Rufin, 237 AD2d 866, 867 [1997]; People v Peterson, 194 AD2d at 128-129). Moreover, contrary to defendant's contention, the detective's participation in defendant's eventual arrest did not constitute a police-initiated identification that would bring the in-court identification testimony under the ambit of CPL 710.30 (1) (b) (see People v Gissendanner, 48 NY2d at 552). Accordingly, under these circumstances, the People were not required to provide defendant with notice of their intention to present the detective's in-court identification testimony, and County Court properly denied defendant's motion to preclude that testimony (see People v Johnson, 150 AD3d at 1395; People v Butler, 16 AD3d at 916-917; People v Rufin, 237 AD2d at 867).
Defendant further argues that County Court erred in admitting exhibit Nos. 1A and 2A into evidence — which were transcriptions of the audio in each of the recordings depicting the underlying controlled buys — for the limited purpose of helping the jurors to follow along as they viewed the recordings. Defendant does not directly challenge County Court's pretrial audibility determinations with regard to each of the recordings, which we too have reviewed and agree were sufficiently clear and intelligible to allow the jurors to discern their contents without resorting to speculation (see e.g. People v Johnson, 151 AD3d 1462, 1463 [2017], lv denied 30 NY3d 1106 [2018]; compare People v Wilson, 182 AD2d 734, 735 [1992]). Rather, defendant contends that the transcripts were inaccurate or incomplete and, thus, operated to mislead the jury. We disagree. Despite defendant's challenges to the accuracy of the transcripts (compare People v Feld, 305 NY 322, 331 [1953]; People v Reynolds, 192 AD2d 320, 321 [1993], lv denied 81 NY2d 1079 [1993]), testimony from the undercover officers who witnessed the controlled buys and subsequently reviewed and made corrections to the transcripts provided sufficient proof as to the accuracy of the transcripts (see People v Morel, 246 AD2d 311, 311-312 [1998], lv denied 91 NY2d 1010 [1998]; People v Tapia, 114 AD2d 983, 984-985 [1985], lv denied 67 NY2d 951 [1986]). Moreover, County Court repeatedly advised the jurors that it was the recordings, not the transcripts, that constituted the evidence of what allegedly occurred, that the transcripts were merely an aid to listening and that, if there were any discrepancies between the recordings and the transcripts, the recordings controlled. In light of the foregoing, County Court did not abuse its discretion in admitting the transcripts for the limited purpose of aiding the jurors as they listened to and watched the recordings (see People v Johnson, 151 AD3d at 1463; People v Watson, 172 AD2d 882, 883 [1991]; People v Robinson, 158 AD2d 628, 628 [1990]; People v Warner, 126 AD2d 788, 789 [1987], lv denied 69 NY2d 887 [1987]).
Lastly, we discern no abuse of discretion or extraordinary circumstances warranting a reduction of defendant's sentence in the interest of justice. County Court sentenced defendant to prison terms that were well below the statutory maximum of 15 years (see Penal Law § 70.70 [4] [b] [i]) and did not impose those prison terms consecutively, as it could have (see Penal Law § 70.25 [1]). Additionally, the record reflects that, in rendering its sentence, County Court appropriately balanced and considered a variety of factors, including the impact of defendant's crimes on the community and defendant's criminal history, which included repeated violations of the terms of his probation and parole. In view of all of the underlying facts and circumstances, we do not find defendant's sentence to be harsh or excessive (see People v Dowling, 75 AD3d 838, 841 [2010], lv denied 15 NY3d 952 [2010]).
Garry, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.
ORDERED that the judgment is affirmed.