The People of the State of New York, Respondent, 
against
Dexter Carr, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Tamiko A. Amaker, J.), rendered March 24, 2017, after a nonjury trial, convicting him of attempted forcible touching and sexual abuse in the third degree, and sentencing him to concurrent terms of 30 days.




Per Curiam.
Judgment of conviction (Tamiko A. Amaker, J.), rendered, March 24, 2017, modified as a matter of discretion in the interest of justice by reducing the sentence to time served, and otherwise affirmed.
The verdict convicting the defendant of attempted forcible touching (see Penal Law §§ 110/130.52[1]) and sexual abuse in the third degree (see Penal Law § 130.55) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the court's credibility determinations, in which it accepted the police officers' eyewitness testimony, and found defendant not to be credible. The credited evidence established that defendant followed a female on to a subway train, positioned himself directly behind her, and then repeatedly thrust his groin against the victim's buttocks, rubbing back and forth. When the victim attempted to step away from defendant, he repositioned himself so that he could continue to thrust his groin against her buttocks. 
We reject, as did the trial court, defendant's contention that Officer Cross' identification of him should have been suppressed because the People failed to comply with the notice requirement of CPL 710.30. This notice requirement was not triggered because Officer Cross, who witnessed defendant's commission of the offenses, did not make an out-of-court, police-initiated identification of defendant (see People v Gissendanner, 48 NY2d 543, 552 [1979]; People v Butler, 16 AD3d 915, 916 [2005], lv denied 5 NY3d 786 [2005]). Notice is required only when the identifying witness has experienced two distinct pretrial viewings of a defendant in which the witness first observed the defendant at the time or place of an offense or another relevant occasion, and then participated in a separate, police-initiated, identification procedure, such as a lineup, showup or photographic array, which takes place subsequent to the observation forming the basis for the witness's trial testimony and prior to the trial (see People v Johnson, [*2]150 AD3d 1390, 1395 [2017], lv denied 29 NY3d 1128 [2017]; People v Butler, 16 AD3d at 916—917). 
Defendant failed to establish a Brady violation (see Brady v Maryland, 373 US 83, 87 [1963]; People v Fuentes, 12 NY3d 259, 263 [2009]). The records of the Civilian Complaint Review Board were not under the control of the People for Brady purposes and are exempt from disclosure under Civil Rights Law § 50—a(1) (see Matter of Luongo v Records Access Officer, Civilian Complaint Review Bd., 150 AD3d 13 [2017], lv denied 30 NY3d 908 [2017]). Defendant abandoned his request for these records and failed to make a sufficient record when counsel turned down the court's offer for an adjournment for the purpose of subpoenaing the records, rendering his present contention that the failure to disclose these materials violated his right to confront and cross-examine the witness unpreserved for appellate review (see CPL 470.05[2]; People v Liner, 9 NY3d 856, 856-857 [2007]; People v Castro, 149 AD3d 862, 865 [2017], lv denied 30 NY3d 1059 [2017]). In any event, the record establishes that defense counsel had sufficient information regarding the limited allegation that the second testifying officer had failed to prepare a memo book entry in another case and had a meaningful opportunity to use that information to cross-examine the officer.
Defendant was sentenced to concurrent terms of 30 days, and has already served 14 days pretrial. In our opinion, considering all the circumstances, the interests of justice will be adequately served by a reduction of the sentence to time served.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 02, 2019