People v Francois (2020 NY Slip Op 01556)





People v Francois


2020 NY Slip Op 01556


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Oing, Moulton, González, JJ.


11208 3668/15

[*1] The People of the State of New York, Respondent,
v
Wesley Francois, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carl S. Kaplan of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kyle R. Silverstein of counsel), for respondent.



Judgment, Supreme Court, Bronx County (April A. Newbauer, J.), rendered February 16, 2017, convicting defendant, after a jury trial, of attempted assault in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
This conviction arises out of an altercation that occurred when defendant allegedly attempted to deprive the victim of money in her possession. On appeal, defendant contends that the evidence was legally insufficient to sustain a guilty verdict, and that the verdict was against the weight of the evidence. Since defendant failed to preserve the issue of legal sufficiency, we decline to review that issue in the interest of justice (see People v Graves, 171 AD3d 674 [1st Dept 2019], lv denied 33 NY3d 1069 [2019]; People v Carter, 46 AD3d 376 [1st Dept 2007], lv denied 10 NY3d 838 [2008]).
When determining whether a verdict is against the weight of the evidence, "great deference is accorded to the factfinder's opportunity to view the witnesses, hear the testimony and observe demeanor" (People v Mateo, 2 NY3d 383, 410 [2004]). Upon review of the record, we are satisfied that the verdict was not against the weight of the evidence and find no basis to disturb the jury's credibility determinations. The victim, who was 67 years old, stated that defendant, who was decades younger than she, grabbed her by her shoulders and forced her to sit down on the stairs leading to the subway. He then attempted to take money from her closed fist. She testified that as a result of defendant's actions, she sustained pain "in the lower rump" and described the pain as "hard and strong." The victim also testified that defendant scratched her hand, and when asked if she had any pain in her hand at the time she replied, "Yes, it was a burning, burning sensation." Thus, there was a reasonable view of the evidence that defendant, by grabbing the victim, forcing her to sit down on concrete, and prying money from her hand,
engaged in conduct that tended to cause physical injury to a person who is 65 years of age or older (see Penal Law §§ 110.00, 120.05[12]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK