■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANTHONY MORGAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered February 17, 1988, convicting him of arson in the first degree (six counts), reckless endangerment in the first degree (six counts), and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with and convicted of, *inter alia,* six counts of arson in the first degree in connection with fires set at 215 Troy Avenue, 960 Myrtle Avenue, and 580 Rockaway Avenue in Brooklyn. The police were assisted by an informant, William Diaz, in their investigation of these and other suspected arsons. Diaz agreed to wear concealed recording devices in order to record conversations with the defendant and others who had worked with him in setting the fires. The defendant's main contention on appeal is that he was deprived of a fair trial because the trial court improperly allowed into evidence two allegedly inaudible tape recordings of conversations he had with Diaz. We disagree.

The first challenged tape recording concerns a conversation between Diaz and the defendant on June 15, 1985. Diaz was wearing two devices, a Nagra tape recorder used to make the recording, and a transmitter which allowed undercover police detective, Gerald Sheehan, to overhear what was being discussed. Detective Sheehan testified that he overheard Diaz and the defendant discuss the details of the fire that had been set at 580 Rockaway Avenue.

The second challenged tape recording involves two separate conversations between Diaz and the defendant, both recorded on July 10, 1985. Once again, Diaz was wearing a concealed transmitting device that allowed Detective Sheehan to overhear the conversations. In addition, a second undercover police detective, Ronald Hickman, who was acting as a driver for Diaz, was present during the conversations. Detective Hickman testified that he drove Diaz and the defendant to 215 Troy Avenue. Detective Sheehan testified that he heard, through a transmitting device, Diaz and the defendant discuss two fires that had been set at that location. Detective Hickman later drove to 960 Myrtle Avenue where Diaz and the defendant discussed the three fires set there.

The defendant was arrested in connection with the subject arsons on October 5, 1985. He was brought to the police station and after being properly advised of his *Miranda* rights gave a videotaped statement admitting his role in setting the six fires at the specified locations.

Whether a tape recording should be admitted into evidence is within the discretion of the trial court. The determination is to be made after weighing the probative value of the evidence against the potential for prejudice *(People v Ryan,* 121 AD2d 34, 65, *cert denied* 481 US 1059, *opn vacated on other grounds* 134 AD2d 300). A recording must be excluded from evidence if it is so inaudible and indistinct that a jury must speculate as to its contents *(see, People v Carrasco,* 125 AD2d 695, 696). Upon our review of the record, and after listening to the challenged tapes, we conclude that the trial court did not improvidently exercise its discretion by admitting them into evidence.

The recording of the June 15, 1985, conversation about the arson at 580 Rockaway Avenue was sufficiently audible to warrant its submission to the jury. The content of the conversation was described by both Diaz and Detective Sheehan, and the defendant confirmed his role in setting the fire during his videotaped statement that was admitted into evidence without objection.

The tape of the conversations of July 10, 1985, contains some inaudible segments but there was no danger that the jury was left to speculate as to what was discussed in connection with the arsons committed at 215 Troy Avenue and 960 Myrtle Avenue. There were three independent sources, Diaz, Detective Sheehan and Detective Hickman, who were able to describe the content of the July 10th conversations. Additionally, the defendant admitted his role in setting the fires at these locations. Since the inaudible portions were not so substantial as to render the entire recording of the July 10th conversations untrustworthy, we find that its probative value outweighed any prejudice to the defendant's rights and accordingly, it too was properly admitted into evidence *(see, People v Graham,* 57 AD2d 478, 480, *affd* 44 NY2d 768).

We have considered the defendant's remaining contentions, including those set forth in his *pro se* supplemental brief, and find them to be either unpreserved for appellate review or without merit. Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.