■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIS HARRELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered May 26, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that a police videotape of his sale of controlled substance to an undercover officer was improperly admitted at trial because of irregularities in the recording is without merit. Whether a tape recording should be admitted into evidence is within the discretion of the trial court *(People v Morgan,* 175 AD2d 930, 932). This determination is to be made after weighing the probative value of the evidence against the potential for prejudice *(People v Ryan,* 121 AD2d 34, 65, *cert denied* 481 US 1059, *vacated on other grounds* 134 AD2d 300). A recording must be excluded from evidence if it is so inaudible and indistinct that a jury must speculate as to its contents *(see, People v Carrasco,* 125 AD2d 695, 696). Such a condition is not alleged here.

The defendant's conviction was supported by the evidence even though the videotape admitted at trial contained some inaudible and unviewable segments. There was no real danger that the jury in this case was left to speculate as to what transpired or was discussed because there were independent sources to describe the conversations *(see, People v Morgan, supra,* at 932). At the trial, the People presented the testimony of two eyewitnesses, a trained undercover police officer, and an undercover informant, who gave the jury a full account of the drug transaction. The jury could have inferred from the defendant's actions as revealed by the videotape, and coupled with the testimony of the eyewitnesses, that he committed the crimes charged. Viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we

find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.