■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY R. ROBERTS, Appellant. [667 NYS2d 298] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 21, 1980 (*People v Roberts,* 73 AD2d 954), affirming a judgment of the Supreme Court, Kings County, rendered May 19, 1978.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Copertino, J. P., Pizzuto, Krausman and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SMALL, Appellant. [667 NYS2d 291] —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered July 22, 1996, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that a police videotape depicting him possessing a controlled substance was improperly admitted into evidence at trial because the tape was unclear. Whether a tape recording should be admitted into evidence is within the discretion of the trial court (*see, People v Harrell,* 187 AD2d 453). Having viewed the videotape, we conclude that it was sufficiently clear to warrant its admission into evidence. In any event, there was no danger that the jury was left to speculate as to what transpired because the undercover officer who had worn the motorcycle helmet in which the camera had been hidden testified and gave a full account of the drug transaction. Viewing the evidence adduced at trial in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.