(October 9, 2001)

■ RICHARD A. ALIANO, Appellant, v DON D. LUSTERMAN, Respondent. ELYSE SONNENSHEIN-ALIANO, Nonparty Respondent. [731 NYS2d 738] —In an action, *inter alia,* to recover damages for breach of fiduciary duty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated September 11, 2000, as denied that branch of his motion which was to compel the defendant psychologist to release confidential records regarding his treatment of the plaintiff's wife and minor children.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the respondent.

The plaintiff and his wife, Elyse Sonnenshein-Aliano (hereinafter Sonnenshein) both individually and jointly, attended counseling sessions with the defendant from 1996 through 1998. The plaintiff ceased to attend any sessions in March 1998, and a short time later, his three oldest children began to undergo counseling sessions with the defendant. In January 2000 Sonnenshein petitioned the Family-Court to remove the plaintiff from the marital residence. In partial support of her petition, Sonnenshein solicited and obtained an affirmation from the defendant in which he averred that the children confirmed that the plaintiff used improper and demeaning language toward them, that he occasionally struck them with any available object, and that they were frightened by him. The defendant concluded that it was in the best interest of the family that the plaintiff be removed from the home. The Family Court appointed a Law Guardian to represent the children and issued a temporary order of protection pursuant to which the plaintiff was removed from the marital residence.

In February 2000 the plaintiff commenced an action for a divorce and ancillary relief against Sonnenshein. Thereafter, the plaintiff brought the present action in which he alleged that by providing the affirmation to Sonnenshein, the defendant breached his fiduciary duty to the plaintiff, which arose from their psychologist-patient relationship. In the course of the action, the plaintiff sought discovery of all of the defendant's records regarding the family's counseling.

The Supreme Court properly denied that branch of the plaintiff's motion which was to compel the defendant to release records pertaining to the children's sessions and his individual sessions with Sonnenshein. These records are not germane to the plaintiff's claim of breach of fiduciary duty owed him by the defendant, or otherwise "material and necessary" in the prosecution of the action (*see,* CPLR 3101; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406; *Ferrusi v Suburban Propane Corp.,* 279 AD2d 447). In addition, given that the children's Law Guardian opposes the release of their records, and considering that the children's current therapist believes that the release would be detrimental to their emotional well being, the Supreme Court providently exercised its discretion in denying that portion of the plaintiff's discovery request (*see, Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.,* 253 AD2d 8, 16; *Matter of Pyramid Mgt. Group v Board of Assessors,* 243 AD2d 876).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Florio, H. Miller and Townes, JJ., concur.