■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL OSBORNE, Appellant. [731 NYS2d 718] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered October 1, 1998, convicting defendant, after a jury trial, of burglary in the second degree (four counts), petit larceny and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent violent felony offender, to four concurrent terms of 16 years to life on the burglary convictions and a conditional discharge on the remaining convictions, unanimously affirmed.

The court's rulings concerning the identification of defendant by a security guard were correct. Following suppression of a showup identification, the court properly found that the guard had an independent source for identifying defendant in court, based on her observation of him at close range for several minutes while she questioned him about his presence in the hospital and the items he was carrying (*see, People v Williams*, 222 AD2d 149, *lv denied* 88 NY2d 1072). After viewing a surveillance videotape of the guard's encounter with defendant, the court properly exercised its discretion in permitting the tape to be viewed by the jury (*see, People v Patterson*, 93 NY2d 80, 84; *People v Harrell*, 187 AD2d 453, *lv denied* 81 NY2d 789; *People v Rivera*, 257 AD2d 172, 176, *affd* 94 NY2d 908), and defendant has not established that he was prejudiced by the People's loss of the tape after conviction. The court properly permitted the guard to testify that she had recognized defendant on the videotape when she viewed it shortly after the incident (*see, People v Russell*, 79 NY2d 1024; *People v Rivera*, 259 AD2d 316; *see also, People v Huertas*, 75 NY2d 487, 493-494).

Defendant's *pro se* speedy trial motion was facially insufficient in that it merely addressed the length of the delay without addressing the People's readiness or lack of readiness (*see, People v Lomax*, 50 NY2d 351, 357; *People v Dinkins*, 261 AD2d 171, *lv denied* 94 NY2d 861). In any event, the record establishes that the People were ready for trial within the requisite period.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see, People v Rosen*, 96 NY2d 329, *cert denied* — US —, 122 S Ct 224). Concur—Williams, J. P., Andrias, Wallach, Lerner and Marlow, JJ.