■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. BAILEY, JR., Appellant. [786 NYS2d 181]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered September 29, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant challenges the admission into evidence of an audiotape recording of his narcotics transaction with two undercover police officers. Since the defendant neither requested an audibility hearing (*see People v Rivera,* 94 NY2d 908 [2000]) nor objected to the admission of the audiotape (*see People v Lubow,* 29 NY2d 58, 68 [1971]), the issue of the tape's audibility is not preserved for appellate review (*see* CPL 470.05 [2]). In any event, the County Court providently exercised its discretion in admitting the audiotape into evidence. An audiotape recording should be excluded from evidence "if it is so inaudible and indistinct that a jury must speculate as to its contents" (*People v Harrell,* 187 AD2d 453 [1992]; *see People v Morgan,*

175 AD2d 930, 932 [1991]; *People v Papa,* 168 AD2d 692 [1990]). While portions of the tape were inaudible, there was no real danger that the factfinder would be left to speculate as to what transpired, since the People presented the testimony of two eyewitnesses, both trained undercover police officers, who described the transaction (*see People v Harrell, supra; see also People v Small,* 246 AD2d 609 [1998]; *People v Morgan, supra* at 932).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, raised in his supplemental pro se brief, either are unpreserved for appellate review, without merit, or do not warrant reversal. Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.