◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WATERS, Appellant. [817 NYS2d 402]—

Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered April 9, 2004, upon a verdict convicting defendant of two counts of the crime of criminal possession of a weapon in the third degree.

Defendant and others were stopped by City of Schenectady police officers and directed to get out of their car. After they did so, the police observed a .38 caliber revolver on the front passenger seat. Consequently, defendant was indicted and charged with two counts of criminal possession of a weapon in the third degree. Following a jury trial, defendant was convicted as charged and sentenced to, among other things, 2¹/₃ to 7 years in prison. Defendant now appeals.

The conviction here rests upon the presumption of possession by any person occupying an automobile in which a firearm is found (*see* Penal Law § 265.15 [3]). Here, defendant took the stand and denied any knowledge of the gun found in his car, thereby claiming that he had effectively rebutted the presumption. We disagree. It clearly was for the jury to assess the credibility of the witnesses in determining whether to invoke the statutory presumption (*see People v Lemmons*, 40 NY2d 505, 511-512 [1976]), and we defer to its determination. That being said, we do not find the verdict against the weight of the evidence.

Next, defendant contends that County Court erred in denying his request to instruct the jury that the constructive possession presumption was rebuttable. Again, we disagree. Here, County Court instructed the jury, on two occasions, that the presumption was permissive and that the jury may, but was not required to, infer that defendant possessed the revolver. Under the circumstances, we do not deem County Court's refusal to instruct the jury that the presumption was rebuttable to be error (*see People v Martinez*, 257 AD2d 479, 479-480 [1999], *lv denied* 93 NY2d 876 [1999]; *but see People v Jackson*, 52 AD2d 630 [1976], *lv denied* 39 NY2d 1063 [1976]). We have considered defendant's remaining contentions and find them equally without merit.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.