■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER DALEY, Appellant. [818 NYS2d 300]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), rendered November 21, 2002, convicting him of assault in the first degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the eve of trial, the defendant telephoned a witness and informed the witness that she need not cooperate with the police or the prosecutors. The witness recorded the conversation with a microcassette tape recorder by holding the tape recorder to the telephone ear piece. The defendant objected to the admission of the tape based on its alleged inaudibility.

Whether a tape recording should be admitted into evidence is within the discretion of the trial court after weighing the probative value of the evidence against the potential for prejudice (*see People v Morgan,* 175 AD2d 930 [1991]). A recording must be rejected if it is "so inaudible and indistinct" that a jury must speculate as to the contents thereof (*People v Morgan, supra* at 932). The microcassette tape recording at issue herein was played for us and we conclude that it was "so inaudible and indistinct" that the jury would have had to speculate as to its contents. Nevertheless, while admission of the tape was error, that error was harmless beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]).

To the extent that the defendant's claim of ineffective assistance of counsel, raised in his supplemental pro se brief, involves matter dehors the record, it may not be reviewed on direct appeal (*see People v Sumpter,* 27 AD3d 590 [2006]). Indeed, the defendant's claim that his trial counsel was ineffective for failing to move pursuant to CPL 30.30 already has been raised in a motion pursuant to CPL 440.10, and rejected. Insofar as we are able to review the defendant's claim of ineffective assistance of counsel, the defendant was provided meaningful representation (*see People v Caban,* 5 NY3d 143 [2005]; *People v Benevento,* 91 NY2d 708 [1998]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. Miller, J.P., Adams, Goldstein and Covello, JJ., concur.