■ In the Matter of the Estate of JANEEN TORTORA, Deceased. DEBRA A. RYDZEWSKI, Respondent; ROBERT TORTORA, Appellant. [898 NYS2d 891]—

In a proceeding, inter alia, for judicial authorization to compromise and settle an action to recover damages for personal injuries and wrongful death, and to preclude the father of the decedent from sharing in the distribution of the proceeds of the settlement, the father appeals from an order of the Surrogate's Court, Nassau County (Riordan, S.), dated September 24, 2009, which denied his motion pursuant to CPLR 3124 to compel the decedent's mother to respond to his outstanding discovery demands, or pursuant to CPLR 3126 to preclude the mother

from testifying at trial and/or to strike the petition for failure to comply with those discovery demands.

Ordered that the order is affirmed, with costs.

The record amply supports the Surrogate's conclusion that the disclosure requested by the decedent's father was irrelevant to the issues in this proceeding, including the matters of lack of support and abandonment raised by the mother pursuant to EPTL 4-1.4 (a) (1). Accordingly, the Surrogate did not improvidently exercise his discretion in denying the father's motion to compel the decedent's mother to respond to his outstanding discovery demands, or pursuant to CPLR 3126 to preclude the mother from testifying at trial and/or to strike the petition for failure to comply with those discovery demands (*see generally Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]; *Aliano v Lusterman*, 287 AD2d 473, 474 [2001]; *Shapiro v Central Gen. Hosp.*, 171 AD2d 786 [1991]). Mastro, J.P., Miller, Austin and Roman, JJ., concur.