Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered September 14, 2006, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a *689 jury verdict, and imposing sentence. By decision and order dated June 9, 2009, this Court remitted the matter to the County Court, Suffolk County, to hear and report on the issue of whether the confidential informant entered into a cooperation agreement with any law enforcement agency at any time prior to her testimony at trial (see People v Griffin, 63 AD3d 856 [2009]). The County Court, Suffolk County, has now filed its report. Acting Presiding Justice Mastro has been substituted for former Justice Spolzino, Justice Skelos has been substituted for the late Justice Fisher, and Justice Dillon has been substituted for former Justice Howard Miller (see 22 NYCRR 670.1 [c]).
Ordered that the judgment is affirmed.
The defendant challenges the admission into evidence of two audiotape recordings of narcotics transactions between him, an undercover police officer, and a confidential informant. The determination as to whether a tape recording should be admitted into evidence is to be made after weighing the probative value of the evidence against the potential for prejudice (see People v Harrell, 187 AD2d 453 [1992]; People v Morgan, 175 AD2d 930, 932 [1991]). A recording must be excluded from evidence if it is so inaudible and indistinct that a jury must speculate as to its contents (see People v Harrell, 187 AD2d 453 [1992]; People v Morgan, 175 AD2d at 932).
Upon our review of the record, and after listening to the challenged tapes, we conclude that the County Court did not improvidently exercise its discretion in admitting them into evidence (see People v Morgan, 175 AD2d at 932). While portions of the tapes were inaudible, there was no real danger that the jury would be left to speculate as to what transpired, since the People presented the testimony of the undercover police officer and the confidential informant, who described the transactions (see People v Bailey, 12 AD3d 377 [2004]; People v Harrell, 187 AD2d 453 [1992]; People v Morgan, 175 AD2d at 932).
Contrary to the defendant’s contention, the County Court providently exercised its discretion in discharging a juror who was scheduled to leave on a nonrefundable family vacation on a date when the trial was expected to have concluded (see People v Settles, 28 AD 3d 591 [2006]). When it was clear that the trial would take longer than expected, the County Court conducted a “reasonably thorough inquiry” (CPL 270.35 [2] [a]), which supported its conclusion that the juror was unavailable for continued service (see People v Page, 72 NY2d 69, 73 [1988]; People v Aponte, 28 AD3d 672 [2006]; People v Settles, 28 AD3d 591 [2006]).
The defendant’s request for certain transcripts relating to the *690 pretrial hearing was untimely (see Matter of Eric W., 68 NY2d 633, 636 [1986]; People v Sanders, 31 NY2d 463, 467 [1973]).
Upon remittitur, the County Court, after conducting a hearing, found that the confidential informant did not enter into a cooperation agreement at any time prior to her testimony at trial. Therefore, the defendant’s contention that the prosecutor violated his obligations under Brady v Maryland (373 US 83 [1963]) by failing to disclose cooperation agreements entered into by the confidential informant is without merit.
Contrary to the defendant’s contention, the sentence imposed by the County Court did not improperly penalize him for exercising his right to a jury trial. The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his right to proceed to trial (see People v DeCampoamor, 91 AD3d 669 [2012]; People v Jimenez, 84 AD3d 1268, 1269 [2011]). A review of the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Garcia, 46 AD3d 573, 573-574 [2007]). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, A.P.J., Skelos, Dillon and Balkin, JJ., concur.