# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1033

KA 06-03778

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

LUIS RIVERA, DEFENDANT-APPELLANT.

---

MULDOON & GETZ, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered October 10, 2006. The judgment convicted defendant, upon jury verdicts, of criminal possession of a weapon in the second degree and murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following separate jury trials, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]) and murder in the second degree (§ 125.25 [1]). At the first trial, the jury found defendant guilty of the weapons offense but could not reach a verdict on the murder count. County Court accepted a partial verdict and, following a second trial, defendant was found guilty of murder. Defendant contends that, under the principles of double jeopardy, he should not have been retried on the murder count because the evidence at the first trial was legally insufficient to establish his commission of that offense, and a guilty verdict would have been against the weight of the evidence. Defendant further contends that the verdict at the second trial is against the weight of the evidence. We reject those contentions.

A conviction is supported by legally sufficient evidence when, viewing the facts in the light most favorable to the People, " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Danielson*, 9 NY3d 342, 349; *see generally People v Bleakley*, 69 NY2d 490, 495). Here, a prosecution witness testified at the first trial that she saw defendant shoot the victim in the back of the head from close range. The witness was unequivocal in her identification of defendant, whom she had known for

three years prior to the shooting.  Accepting the testimony of that eyewitness as true, as we must in the context of defendant's challenge to the legal sufficiency of the evidence (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational jury to conclude that defendant intentionally killed the victim and thereby committed murder in the second degree.

With respect to the weight of the evidence, defendant contends that, although the jury did not reach a verdict on the murder count at the first trial, the People failed to prove his guilt beyond a reasonable doubt and should not have been given a second opportunity to seek a conviction.  Because the jury did not render a verdict on the murder count, however, there is no verdict from the first trial to which to apply a weight-of-the-evidence test (*cf. People v Mason*, 101 AD3d 1659, 1660, *revd on other grounds* 21 NY3d 962; *People v Scerbo*, 74 AD3d 1730, 1732-1733, *lv denied* 15 NY3d 757).  In any event, viewing the evidence in light of the elements of the crime as charged to the jury (*see Danielson*, 9 NY3d at 349), we conclude that a guilty verdict on the murder count, if one had been rendered at the first trial, would not have been against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  We further conclude that the verdict with respect to the weapons offense is not contrary to the weight of the evidence.

As noted, a prosecution witness testified that she saw defendant shoot the victim.  Although the witness had been drinking heavily on the night in question and had smoked marihuana, it cannot be said that her testimony was "so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Black*, 38 AD3d 1283, 1285, *lv denied* 8 NY3d 982; *see People v Smith*, 73 AD3d 1469, 1470, *lv denied* 15 NY3d 778).  We note that much of the witness's testimony was corroborated by other witnesses, several of whom placed defendant at the scene of the crime with what appeared to be a gun in his hand.  Moreover, the evidence established that the victim was shot in the back of the head with a .380 caliber bullet from a range of five to six feet and, according to several witnesses, defendant was standing behind the victim when he was shot.  Although another person fired two shots from a .45 caliber firearm shortly after the victim was shot, the shell casings for those bullets were found approximately 50 feet from the victim's body, and it is undisputed that the victim was not struck by a .45 caliber bullet.

We further conclude that the verdict at the retrial is not against the weight of the evidence.  At the retrial, two witnesses who knew defendant testified that they saw him shoot the victim, and their testimony was amply corroborated by other evidence.  As at the first trial, defendant did not testify and called no witnesses.  Under the circumstances, even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495; *People v Gay*, 105 AD3d 1427, 1427-1428).

Finally, defendant's contention that the court failed to ask him whether he wished to make a statement at sentencing, as required by CPL 380.50 (1), is unpreserved for our review (*see People v Sharp*, 56 AD3d 1230, 1231, *lv denied* 11 NY3d 900), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  November 8, 2013                     Frances E. Cafarell
                                               Clerk of the Court