THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TESFA MCCAW, Appellant. [27 NYS3d 574]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered April 10, 2013, convicting him of criminal possession of a weapon in the second degree and criminal possession of marijuana in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress recorded statements he made to a codefendant.

Ordered that the judgment is affirmed.

On November 2, 2011, Hopeton Campbell was driving a car owned by the defendant, Tesfa McCaw, while the defendant was seated in the passenger seat. The car was traveling 20 miles per hour over the posted speed limit. Upon stopping the car, a Westchester County Police Officer observed Campbell and the defendant switch seats. The defendant, who exited the driver's seat, explained to the officer that he switched seats with Campbell because Campbell did not have a valid driver license. When the officer approached the car and spoke to Campbell, the officer, based upon his training and experience, detected a strong odor of marijuana emanating from the inside the vehicle. Campbell informed the officer that he had smoked marijuana earlier, and that there was marijuana inside the

vehicle. The defendant and Campbell were then placed inside the officer's patrol car, as the officer commenced a search of the subject vehicle. While in the back seat of the patrol car, McCaw and the defendant, who had not yet been advised of their *Miranda* rights (*Miranda v Arizona*, 384 US 436 [1966]), conversed with each other. Their conversation was recorded by the patrol car's clearly visible front dashboard camera that had also recorded the officer's interaction with the defendant and Campbell at their car. While the officer was inspecting the subject vehicle, the defendant and Campbell were expressing their concern to each other that the officer would find a gun in the vehicle and that they would face a gun charge if it were found. The officer ultimately recovered more than half a pound of marijuana from the front passenger seat, the floor in front of that seat, and the glove compartment. The officer also recovered an operable .45 caliber semi-automatic gun, loaded with nine cartridges, under the rear bench seat.

The defendant was jointly tried with Campbell. The recording of the defendant's and Campbell's conversation in the patrol car was admitted into evidence at trial, and a transcript thereof was approved by the Supreme Court to be used as an aid to the jury. The defendant was convicted of criminal possession of a weapon in the second degree and criminal possession of marijuana in the third degree. The defendant appeals.

The defendant contends that the recording of the patrol car conversation should have been suppressed because it violated his *Miranda* rights. *Miranda v Arizona* (384 US 436 [1966]) requires that before custodial interrogation by a law enforcement official can begin, a suspect must be advised concerning his or her right to remain silent and of his or her right to counsel, and that, "[i]f the individual indicates in any manner, at any time prior to or during questioning, that he [or she] wishes to remain silent, the interrogation must cease" (*id.* at 473-474; *see People v Ferro*, 63 NY2d 316, 322 [1984]). The subject recording was not the product of a law enforcement interrogation or instigated by law enforcement conduct, but instead, was a recording between codefendants outside the presence of the officer who stopped them. Under these circumstances, the defendant's *Miranda* rights did not attach, and consequently, the recording did not constitute a *Miranda* violation.

The defendant's contention that the subject recording constituted illegal warrantless eavesdropping is without merit because he and Campbell had no reasonable expectation of privacy while inside the patrol car (*see People v McFarland*,

106 AD3d 1129 [2013]; *see also United States v Webster*, 775 F3d 897 [7th Cir 2015]; *United States v Clark*, 22 F3d 799 [8th Cir 1994]; *United States v McKinnon*, 985 F2d 525 [11th Cir 1993]).

The defendant also challenges the admission into evidence of the subject recording on the ground that it was insufficiently audible. Contrary to his contention, the Supreme Court, upon holding an audibility hearing, providently exercised its discretion in admitting the recording into evidence. "An audiotape recording should be excluded from evidence if it is so inaudible and indistinct that a jury must speculate as to its contents" (*People v Bailey*, 12 AD3d 377, 377 [2004] [internal quotation marks omitted]; *see People v Harrell*, 187 AD2d 453 [1992]; *People v Morgan*, 175 AD2d 930, 932 [1991]; *People v Papa*, 168 AD2d 692 [1990]). Even where tape recordings are inaudible in part, so long as the conversations can be generally understood by the jury, such infirmities go to the weight of the evidence and not to its admissibility (*see People v Lewis*, 25 AD3d 824 [2006]). While portions of the subject recording were inaudible, there was no real danger that the factfinder would be left to speculate as to what transpired, especially where, as here, the defendant and Campbell are clearly heard expressing their concern that the officer would find the gun in the subject vehicle. Moreover, the court providently exercised its discretion in allowing the jury to use a transcript as an aid in listening to the subject recording at trial (*see People v Redmond*, 41 AD3d 514, 515 [2007]; *People v Wilson*, 207 AD2d 463, 464 [1994]).

The defendant's contention that the officer who stopped his vehicle lacked probable cause to search it without a warrant is not preserved for appellate review (*see* CPL 470.05 [2]), and is, in any event, without merit. A vehicle may be searched without a warrant pursuant to the "automobile exception" if law enforcement officials have probable cause to believe that the vehicle "contains contraband, evidence of [a] crime, a weapon or some means of escape" (*People v Blasich*, 73 NY2d 673, 678 [1989]; *see People v Galak*, 81 NY2d 463, 467 [1993]; *People v Henderson*, 57 AD3d 562, 564 [2008]; *People v Martin*, 28 AD3d 583, 584 [2006]). Contrary to defendant's contention, the officer had probable cause to search his vehicle without a warrant because, after lawfully stopping the speeding vehicle, the officer, with the aid of experience and training, smelled a strong odor of marijuana emanating from inside the vehicle, and Campbell indicated the vehicle contained marijuana and admitted to smoking marijuana earlier that day (*see People v Chestnut*, 36 NY2d 971, 973 [1975]; *People v Glover*, 84 AD3d 977,

978 [2011]; *People v Hughes*, 68 AD3d 894, 895 [2009]; *People v Feili*, 27 AD3d 318, 319 [2006]; *People v Parris*, 26 AD3d 393 [2006]; *People v Peterson*, 22 AD3d 770 [2005]).

The defendant's contention that the Supreme Court should have tried him separately from Campbell is not preserved for appellate review (*see* CPL 470.05 [2]). In any event, the court's decision to try the defendant and Campbell together was a provident exercise of discretion (*see* CPL 200.40 [1] [b]; *People v Mahboubian*, 74 NY2d 174, 183 [1989]; *People v Bornholdt*, 33 NY2d 75, 87 [1973]).

Contrary to the defendant's contention, defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Dolan*, 2 AD3d 745 [2003]; *People v Groonell*, 256 AD2d 356, 357 [1998]).

The defendant's challenge to the legal sufficiency of the evidence with respect to the charge of criminal possession of a weapon in the second degree is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Kearney*, 25 AD3d 622 [2006]; *People v Butler*, 265 AD2d 487 [1999]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to criminal possession of a weapon in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court's jury charge on the automobile presumption adequately advised the jury that it could ignore the presumption (*see People v Waters*, 30 AD3d 681 [2006]; *People v Martinez*, 257 AD2d 479 [1999]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention, raised in point II of his main brief, is without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.