People v Perez (2018 NY Slip Op 07333)





People v Perez


2018 NY Slip Op 07333


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-11102
 (Ind. No. 2060/14)

[*1]The People of the State of New York, respondent,
v
Luis Perez, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Joyce Adolfsen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered October 15, 2015, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
As the People state, and as the defendant concedes, his objection to the admission of certain audiotape recordings on audibility grounds is unpreserved for appellate review (see People v Bailey, 12 AD3d 377). In any event, although background noise made some portions of the recordings inaudible, the remainder was sufficiently clear to permit the jury to understand the contents without resorting to speculation (see People v Johnson, 151 AD3d 1462, 1463; People v McCaw, 137 AD3d 813, 815; People v Griffin, 98 AD3d 688, 689).
The defendant contends that the Supreme Court erred in admitting a witness's testimony because that testimony constituted double hearsay (see generally People v Brooks, 31 NY3d 939, 942). To the extent that the admission of the testimony was improper, contrary to the defendant's contention, it did not deprive the defendant of his constitutional right to a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the errors contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 241-242; see also People v Brooks, 31 NY3d at 942).
The defendant's remaining contentions are without merit.
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court