Feldman v Knack (2019 NY Slip Op 01566)





Feldman v Knack


2019 NY Slip Op 01566


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-04891
2017-08972
 (Index No. 69747/14)

[*1]Noelle Feldman, respondent, 
v
William Knack, appellant.


Miller & Lee LLP, Scarsdale, NY (Joseph Miller and Marcy Blake of counsel), for appellant.
Bleakley Platt & Schmidt, LLP, White Plains, NY (John P. Hannigan, Peter F. Harrington, and Justin M. Gardner of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries arising from an alleged forcible rape, the defendant appeals from (1) a judgment of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated April 12, 2017, and (2) an order of the same court dated July 19, 2017. The judgment, upon the denial of the defendant's motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law, and upon a jury verdict in favor of the plaintiff on the issue of liability and awarding the plaintiff the principal sums of $250,000 for past pain and suffering, $200,000 for future pain and suffering, and $500,000 for punitive damages, is in favor of the plaintiff and against the defendant in the principal sum of $950,000. The order denied the defendant's motion pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial or, in the alternative, to set aside, as excessive, the verdict on the issue of damages.
ORDERED that the judgment and the order are affirmed, with one bill of costs.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries she alleged she sustained when the defendant, her former psychotherapist, sexually assaulted her in his office during a therapy session. The defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for leave to amend her bill of particulars to allege a violation of Penal Law § 130.35, forcible rape. In an order dated September 20, 2016, the Supreme Court (Lewis J. Lubell, J.), among other things, granted the plaintiff's cross motion and, in effect, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging forcible rape.
Following a jury trial, the jury returned a verdict in favor of the plaintiff on the issue of liability and awarding the plaintiff the principal sums of $250,000 for past pain and suffering, $200,000 for future pain and suffering, and $500,000 for punitive damages. A judgment was entered (Terry Jane Ruderman, J.) in favor of the plaintiff and against the defendant in the principal sum of $950,000. Thereafter, the defendant moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside, as excessive, the verdict on the issue of damages. In an order dated July 19, 2017, the Supreme Court (Terry Jane [*2]Ruderman, J.) denied the defendant's motion. The defendant appeals from the judgment and the order dated July 19, 2017.
The defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging forcible rape, as he did not eliminate triable issues of fact as to whether the alleged rape occurred (see Zuckerman v City of New York, 49 NY2d 557, 562). Although the defendant raised issues of credibility, he did not establish that the plaintiff was incredible as a matter of law (see Zalewski v MH Residential 1, LLC, 163 AD3d 900, 901; Zapata v Buitriago, 107 AD3d 977, 979). Since the defendant failed to sustain his prima facie burden, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, we agree with the Supreme Court's determination, in effect, denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging forcible rape.
The Supreme Court providently exercised its discretion in admitting into evidence at trial two audio recordings of telephone conversations between the parties. Contrary to the defendant's contention, although the defendant's voice in the first nine minutes of one of the recorded conversations was inaudible, the jury was not left to speculate as to what transpired, as the defendant acknowledged the authenticity of his voice on the recordings and both the plaintiff and the defendant testified about the conversations at issue, including the inaudible portion (see People v McCaw, 137 AD3d 813, 815; People v Griffin, 98 AD3d 688, 689). Thus, any infirmities in the recordings pertain to the weight of the evidence and not to its admissibility (see People v McCaw, 137 AD3d at 815; People v Lewis, 25 AD3d 824, 827).
" A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party'" (Hiotidis v Ramuni, 161 AD3d 955, 956, quoting Tapia v Dattco, Inc., 32 AD3d 842, 844). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hiotidis v Ramuni, 161 AD3d at 956, quoting Hand v Field, 15 AD3d 542, 543 [internal quotation marks omitted]). Here, viewing the evidence in the light most favorable to the plaintiff, and affording her every inference which may properly be drawn from the facts presented, a rational jury could have found that the defendant forcibly raped the plaintiff (see Hiotidis v Ramuni, 161 AD3d at 956; Hand v Field, 15 AD3d at 543).
To the extent that the defendant argues that the verdict was contrary to the weight of the evidence, "a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Shellkopf v Bernfeld, 162 AD3d 1086, 1086; see Lolik v Big V Supermarkets, 86 NY2d 744, 746). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Shellkopf v Bernfeld, 162 AD3d at 1086-1087; see Cohen v Hallmark Cards, 45 NY2d 493, 499; Nicastro v Park, 113 AD2d 129, 133). " It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses'" (Shellkopf v Bernfeld, 162 AD3d at 1087, quoting Jean-Louis v City of New York, 86 AD3d 628, 629 [internal quotation marks omitted]). Here, we agree with the Supreme Court's determination that the jury's verdict was based on a fair interpretation of the evidence.
"The amount of compensation to be awarded to an injured person is a question of fact to be resolved by the trier of fact and will only be disturbed when it deviates materially from what would be reasonable compensation" (Munzon v Victor at Fifth, LLC, 161 AD3d 1183, 1185-1186). Contrary to the defendant's contention, the awards of $250,000 for past pain and suffering and $200,000 for future pain and suffering did not deviate materially from what would be reasonable compensation.
"Punitive damages are recoverable where the conduct in question evidences a high [*3]degree of moral culpability,' or the conduct is so flagrant as to transcend mere carelessness,' or the conduct constitutes willful or wanton negligence or recklessness'" (Morton v Brookhaven Mem. Hosp., 32 AD3d 381, 381, quoting Lee v Health Force, 268 AD2d 564, 564). "Whether to award punitive damages in a particular case, as well as the amount of such damages, if any, are primarily questions which reside in the sound discretion of . . . the jury, and such an award is not lightly to be disturbed" (Nardelli v Stamberg, 44 NY2d 500, 503 [citations omitted]; see Solis-Vicuna v Notias, 71 AD3d 868, 871; Laurie Marie M. v Jeffrey T.M., 159 AD2d 52, 59-60, affd 77 NY2d 981). Contrary to the defendant's contention, the award of punitive damages was appropriate because the defendant's acts were particularly heinous (see Solis-Vicuna v Notias, 71 AD3d at 871) given his fiduciary relationship to the plaintiff as her treating psychotherapist and his knowledge that the plaintiff, who had previously been the victim of a sexual assault, was a vulnerable client (see Laurie Marie M. v Jeffrey T.M., 159 AD2d at 58-59; see generally Aliano v Lusterman, 287 AD2d 473, 474). The award of $500,000 for punitive damages was not excessive (see Solis-Vicuna v Notias, 71 AD3d at 871).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court