People v Lang (2019 NY Slip Op 09125)





People v Lang


2019 NY Slip Op 09125


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


877/18 KA 16-00063

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STORM U. LANG, ALSO KNOWN AS STORM U. J. LANG, ALSO KNOWN AS STORM LANG, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered December 8, 2015. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree (two counts) and sexual abuse in the second degree. The judgment was affirmed by order of this Court entered October 5, 2018 in a memorandum decision (165 AD3d 1584), and defendant on January 31, 2019 was granted leave to appeal to the Court of Appeals from the order of this Court (32 NY3d 1174), and the Court of Appeals on November 26, 2019 reversed the order and remitted the case to this Court for a determination of all issues raised by not determined on the appeal to this Court (— NY3d — [Nov. 26, 2019]). 
Now, upon remittitur from the Court of Appeals,
It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v Thomas, — NY3d &mdash, 2019 NY Slip Op 08545 [2019], revg People v Lang, 165 AD3d 1584 [4th Dept 2018]). We previously affirmed a judgment convicting defendant upon his plea of guilty of two counts of sexual abuse in the first degree (Penal Law
§ 130.65 [3]) and one count of sexual abuse in the second degree
(§ 130.60 [2]) and concluded that the waiver of the right to appeal was valid (Lang, 165 AD3d at 1584-1585). On appeal, the Court of Appeals determined that the waiver of the right to appeal was involuntarily made and unenforceable inasmuch as County Court mischaracterized the appellate rights waived (Thomas, — NY3d at &mdash, 2019 NY Slip Op 08545, *6). The Court remitted the matter to us for determination of issues raised but not determined on the appeal (id. at &mdash, 2019 NY Slip Op 08545, *7). We now affirm.
Defendant failed to preserve for our review his contention that the court erred in making a determination on youthful offender status without giving him or defense counsel an opportunity to be heard (see generally People v Rivera, 111 AD3d 1280, 1282 [4th Dept 2013], lv denied 22 NY3d 1090 [2014]; People v Brotz, 108 AD3d 1236, 1236 [4th Dept 2013]). In any event, defendant's contention is without merit inasmuch as the court complied with CPL 380.50 (1). Contrary to defendant's further contention, the court did not abuse its discretion in refusing to grant him youthful offender status (see People v Abdul-Jaleel, 142 AD3d 1296, 1298-1299 [4th Dept 2016], lv denied 29 NY3d 946 [2017]; People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]), and we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (see Abdul-Jaleel, 142 AD3d at 1299; Lewis, 128 AD3d at 1400-1401).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court