People v Melendez (2021 NY Slip Op 04497)





People v Melendez


2021 NY Slip Op 04497


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2016-06178
 (Ind. No. 154/14)

[*1]The People of the State of New York, respondent,
v
Fabian Melendez, appellant.


Janet E. Sabel, New York, NY (Tomoeh Murakami Tse of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered May 20, 2016, convicting him of criminal sexual act in the second degree (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Richmond County, for a new trial.
The defendant was charged with, inter alia, three counts of criminal sexual act in the second degree, involving allegations that he engaged in sexual conduct with his former partner's son (hereinafter the complainant), who was less than 15 years old at the time, in the defendant's home in Staten Island on or about and between January 21, 2014, and January 25, 2014. At a jury trial in February 2016, the jury was unable to reach a verdict, and the Supreme Court declared a mistrial. The jury in the second trial convicted the defendant of three counts of criminal sexual act in the second degree, and sentence was thereafter imposed. The defendant appeals.
The defendant contends that double jeopardy precluded his second trial and required dismissal of the indictment because the evidence against him at the first trial, which ended in a deadlocked jury, was legally insufficient to support a conviction. Contrary to the People's contention, we may review the sufficiency of the evidence at the defendant's first trial inasmuch as the Double Jeopardy Clauses of the State and Federal Constitutions preclude a second trial if the evidence from the first trial is determined by the reviewing court to be legally insufficient (see People v King, 181 AD3d 1233, 1233; People v Kappen, 142 AD3d 1106, 1106-1107; People v Hart, 300 AD2d 987, 987, affd 100 NY2d 550; People v Dann, 100 AD2d 909, 912; People v Tingue, 91 AD2d 166, 168; Rafferty v Owens, 82 AD2d 582, 584, 586; see also Burks v United States, 437 US 1, 18).
Nevertheless, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence in the first trial was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the complainant's testimony was not incredible as a matter of law (see People v Delamota, 18 NY3d 107, 114; People v Calabria, 3 NY3d 80, 82; People v Fratello, 92 NY2d 565, 573; People v Green, [*2]107 AD3d 915, 915).
The defendant also contends that a verdict of guilt in the first trial would have been against the weight of the evidence and the People should not have been given a second chance to obtain a conviction. Because the jury did not render a verdict in the first trial, however, there is no verdict from the first trial to which to apply a weight-of-the-evidence test (see CPL 470.15[5]; People v Rivera, 111 AD3d 1280, 1281; cf. People v Mason, 101 AD3d 1659, 1659-1660, revd on other grounds 21 NY3d 962; People v Scerbo, 74 AD3d 1732, 1732-1733).
The defendant next contends that the verdict of guilt in the second trial was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt in the second trial was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court erred in admitting evidence of prior bad acts (see People v Molineux, 168 NY 264) is without merit. To the extent the defendant contends that the admission of that evidence violated his federal constitutional right to a fair trial, that contention is unpreserved for appellate review and, in any event, without merit. The court providently exercised its discretion in permitting the People to elicit testimony from the complainant as to alleged prior sexual contact between him and the defendant because this evidence provided relevant background information on the nature of the relationship between the defendant and the complainant (see People v Dorm, 12 NY3d 16, 19; People v Stone, 185 AD3d 967, 968; People v Henry, 173 AD3d 900, 901; People v Henderson, 142 AD3d 1104, 1105; People v Walters, 127 AD3d 889, 889; People v World, 89 AD3d 966). Further, the probative value of the evidence outweighed its potential for undue prejudice to the defendant (see People v Henry, 173 AD3d at 901; People v Fonseca, 121 AD3d 915, 916), and the court's repeated and sufficient instructions to the jury served to alleviate any prejudice from the admission of that evidence (see People v Nieves, 186 AD3d 1260, 1261; People v Hernandez, 186 AD3d 1246, 1247).
The defendant contends that the Supreme Court erred in admitting into evidence an insufficiently audible audio recording of a controlled meeting that occurred between him and the complainant on April 28, 2014 (hereinafter the subject recording). Contrary to the People's contention, this issue is preserved for appellate review. "Whether a tape recording should be admitted into evidence is within the discretion of the trial court after weighing the probative value of the evidence against the potential for prejudice" (People v Daley, 31 AD3d 661, 662; see People v McCaw, 137 AD3d 813, 815; People v Morgan, 175 AD2d 930, 932). "An audiotape recording should be excluded from evidence if it is so inaudible and indistinct that a jury must speculate as to its contents" (People v Bailey, 12 AD3d 377, 377 [internal quotation marks omitted]; see People v McCaw, 137 AD3d at 815; People v Morgan, 145 AD2d 442; People v Mincey, 64 AD2d 615). "Even where tape recordings are inaudible in part, so long as the conversations can be generally understood by the jury, such infirmities go to the weight of the evidence and not to its admissibility" (People v McCaw, 137 AD3d at 815; see People v Johnson, 151 AD3d 1462, 1463). "[I]n order to constitute competent proof, a tape should be at least sufficiently audible so that independent third parties can listen to it and produce a reasonable transcript" (People v Carrasco, 125 AD2d 695, 696; see People v Mincey, 64 AD2d at 615).
Here, the Supreme Court improvidently exercised its discretion in admitting the subject recording into evidence (see People v Daley, 31 AD3d at 662). The first approximately 25 minutes of the conversation between the defendant and the complainant on the subject recording is almost completely inaudible, as all that can be heard are the background noises of a restaurant (see People v Brown, 104 AD2d 1044, 1044; People v Bernstein, 69 AD2d 907). Further, some of the remaining portions of the subject recording were "so inaudible and indistinct" (People v Bailey, 12 AD3d at 377) that the jury would have had to speculate as to their contents (see People v Daley, 31 [*3]AD3d at 662; People v Carrasco, 125 AD2d at 696; People v Brown, 104 AD2d at 1044; People v Bernstein, 69 AD2d 907). The error was compounded when the jury was given what purported to be a transcript of portions of the largely inaudible recording (see People v Mincey, 64 AD2d 615). The proof of the defendant's guilt was not overwhelming, and thus, the error was not harmless (see People v Crimmins, 36 NY2d 230, 240-241).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court